IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

TRACY MCCARROLL,                          )
                                          )
              Plaintiff,                  )
                                          )
v.                                        )   CIVIL ACTION NO. 23-0307-JB-B
                                          )
TRACTOR SUPPLY CO., A CORP.,              )
                                          )
              Defendant.                  )

## ORDER

This action is before the Court on Plaintiff's Motion to Remand and brief in support thereof (Docs. 11 and 12), Defendant Tractor Supply Company's ("Tactor Supply") response in opposition thereto (Doc. 15), and Plaintiff's reply (Doc. 17).  A hearing was held on December 18, 2023.  After careful consideration of the relevant filings and the arguments presented at the hearing, and for the reasons set forth herein below, Plaintiff's motion (Doc. 11) is **GRANTED**.

I.        **Factual and Procedural Background**

This personal injury action arising from a slip-and-fall on Defendant's premises was filed by Plaintiff on October 13, 2022, in the Circuit Court of Dallas County, Alabama.  (Doc. 1-2). Plaintiff's injury occurred on December 16, 2020.  (*Id*.)  Plaintiff's Complaint did not specify her damages, but alleged that, as a result of her fall, Plaintiff sustained severe and permanent injuries; past, present, and future pain and suffering; present and future mental anguish;

disability; disfigurement; past, present, and future medical expenses; past and present lost wages; lost wage-earning capacity; and property damage.[1]  (*Id*. at 4).

On March 20, 2023, Plaintiff responded to Defendant's interrogatories, requests for production, and requests for admission.  (Doc. 11 at 1).  In response to Defendant's request for production, Plaintiff provided Defendant with medical bills totaling $2,065.30.  (Doc. 12 at 5). Additionally, Plaintiff's discovery responses notified Defendant that Plaintiff had undergone knee surgery on her right leg as a result of her fall and was being treated for a re-injury of her left leg. (Doc. 12 at 3). Further, in response to Defendant's request for admission, Plaintiff did not admit or deny that her damages exceeded $75,000.  (Doc. 12 at 5).

Between the filing of the Complaint and Plaintiff's April 2023 deposition, Defendant was made aware that Plaintiff had incurred approximately $24,188.00[2] in medical expenses post-fall *exclusive* of the costs of her right knee replacement surgery. (*See* Doc. 1 at 6-7).  Prior to the deposition, Defendant was additionally informed that Plaintiff had undergone a previous left knee replacement surgery at a cost of $45,482.84.  (Doc. 11 at 2).

On April 18, 2023, Plaintiff testified that as a result of her fall she suffered injury to her left knee, right leg, right hip, right knee, back, and right ankle.  (Doc. 1 at 10).  Plaintiff additionally testified regarding her January 2023 right knee surgery, restricted mobility, and ongoing therapy. (Docs. 11 and 12).  While Plaintiff did not specifically quantify her damages during her deposition, when asked whether she could "place a value on those four months [following her surgery]", Plaintiff responded, "I don't even think you have a number that could cover it."  (Doc. 12 at 6).

---

[1] Defendant's notice of removal erroneously asserts that Plaintiff's Complaint seeks punitive damages. (Doc. 1).
[2] Two days after Plaintiff's deposition, Plaintiff's medical expense total increased to 24,820.60. (*Id*.)

During her deposition, Plaintiff testified that she had medical insurance through United Healthcare.  Following Plaintiff's deposition, Defendant subpoenaed United Healthcare for Plaintiff's records.  (Doc. 15 at 3).  On July 11, 2023, Defendant received billing records from United Healthcare totaling $75,320.27 for medical services incurred from May 2021 to June 2023. (*Id*.).

Defendant removed this action on August 10, 2023, based on diversity jurisdiction. (Doc. 1). Per the removal, "[t]his case first become removable on July 11, 2023, the date upon which United Healthcare responded to Defendant's subpoena."  (Doc. 1 at 16). On September 8, Plaintiff filed the instant motion to remand alleging that Defendant's removal was untimely. (Doc. 11).  The motion has been fully briefed and is ripe for adjudication.

## II.    Relevant Law

Title 28 U.S.C. § 1332 provides in pertinent part: "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different states." 28 U.S.C. § 1332(a)(1). Thus, for removal to be proper under 28 U.S.C. § 1441 the requisite amount in controversy must be met, there must be complete diversity between the parties, and no defendant can be a citizen of Alabama. 28 U.S.C. 1441(b).  *See also Fitts v. Griffin*, 304 F. Supp. 2d 1337, 1341 (M.D. Ala. 2004). The Eleventh Circuit has explained that "[i]n light of the federalism and separation of powers concerns implicated by diversity jurisdiction, federal courts are obligated to strictly construe the statutory grant of diversity jurisdiction ... to 'scrupulously confine their own jurisdiction to the precise limits which the statute has defined.'" *Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1268 (11th Cir. 2000) (citation omitted).

A removing defendant has the burden of proving proper federal jurisdiction. *See Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008); *Friedman v. New York Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005) ("In removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists.") (citation and internal brackets omitted); *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (noting that "the party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction."); *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998) ("In a motion to remand, the removing party bears the burden of showing the existence of federal jurisdiction."). Because removal infringes upon state sovereignty and implicates central concepts of federalism, removal statutes must be construed narrowly, with all doubts resolved in favor of remand. *See University of S. Ala. v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Furthermore, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1092 (11th Cir. 2010) (citation and internal brackets omitted).

"Eleventh Circuit precedent permits district courts to make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable." *SUA Ins. Co. v. Classic Home Builders, LLC*, 751 F. Supp. 2d 1245, 1252 (S.D. Ala. 2010) (quoting *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010)). Courts may use judicial experience and common sense to determine whether the case stated in the complaint meets the requirements for federal

jurisdiction. *Id*. Reliance on "speculation" is "impermissible." *Id*. (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 771 (11th Cir. 2010)).

### III.    Discussion

The only issue before this Court is whether Defendant's removal was timely.  In that regard, Defendant contends that it could not prove by a preponderance of the evidence that the amount in controversy was satisfied until July 11, 2023, the date it received the billing records from United Healthcare.  (Docs. 1 and 15).  Plaintiff, however, argues that Defendant was able to ascertain the amount in controversy on March 20, 2023, the date it received Plaintiff's discovery responses or, at the latest, on April 18, 2023, the date of Plaintiff's deposition, both of which were more than thirty days prior to its removal.  (Docs. 11, 12, and 17).[3]

28 U.S.C. § 1446(b) provides two avenues for removal. The first, which is delineated in section 1446(b)(1), states the notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). The second avenue permits a case to be removed under section 1446(b)(3) if the defendant receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

---

[3] Plaintiff also points out that Defendant continued to receive medical bills from third party medical providers after Plaintiff's deposition, which were sufficient to establish the amount in controversy requirement for removal prior to July 11, 2023.  (Doc. 12 at 8).

28 U.S.C. § 1446(b)(3) imposes the following thirty-day limitation on the removal of diversity cases:

> (3) [...] [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable....

28 U.S.C. § 1446(b)(3). The Fifth Circuit has explained that "[a]scertain" means "to make certain, exact, or precise" or "to find out or learn with certainty." *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002) (footnotes omitted). "The traditional rule is that only a voluntary act by the plaintiff may convert a non-removable case into a removable one." *Pretka*, 608 F.3d at 760 (citing *Insinga v. LaBella*, 845 F.2d 249, 252 (11th Cir. 1988) (explaining the judicially created "voluntary-involuntary" rule that applies in diversity cases); *see also Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 547 (5th Cir. 1967). As such, removal under § 1446(b) requires three elements, "there must be (1) 'an amended pleading, motion, order or other paper,' which (2) the defendant must have received from the plaintiff (or from the court, if the document is an order) and from which (3) the defendant can 'first ascertain' that federal jurisdiction exists." *Lowery v. Alabama Power Company*, 483 F.3d at 1213 n.63 (11th Cir. 2007). "Thus, a defendant cannot show that a previously non-removable case 'has become removable' as a result of a document created by the defendant." *Pretka*, 608 F.3d at 761.

In the instant case, remand is warranted. As an initial matter and as Plaintiff points out, Defendant sought removal of this action pursuant § 1446(b)(3).  As a result, for the thirty-day removal window to open, Defendant must rely on "other paper" to support its removal.  *See* 28

U.S.C. § 1446(b)(3). Here, the "other paper" relied on by Defendant is third party medical bills produced - not from Plaintiff- but by a medical provider subject to a subpoena.  Such documents are not "other paper". *See Lowry*, 483 F.3d at 1213.  As a result, Defendant's reliance on the medical bills to initiate its thirty-day window for removal is misplaced.[4]

Regardless of the above deficiency, Defendant's removal is additionally untimely because the facts establish that this action was removable prior to the receipt of the United Healthcare records.  First, while Defendant may be correct that it could not say with absolute certainty that Plaintiff's medical bills exceeded the jurisdictional limit until July 11, 2023, there is no requirement that Defendant prove the jurisdictional amount in controversy with absolute certainty.  *See Pretkna*, 607 F.3d at 754 ("The point is that a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it.") Moreover, the amount in controversy requirement is not limited to the actual amount of medical bills.  Rather, the monetary requirements are discerned based on overall damages.  Here, at the time of Plaintiff's deposition (sixteen months after the subject fall), Defendant was aware that Plaintiff was alleging injuries to her left knee, right leg, right hip, right knee, back, and right ankle. Defendant was additionally aware that Plaintiff had undergone knee surgery, continued to have restricted mobility, and continued to be treated with therapy.  Importantly, Defendant was also aware that Plaintiff had incurred approximately $24,188.00 in medical expenses post-fall - exclusive of the costs of her right knee replacement. Finally, Defendant had been informed that

---

[4] Defendant's attempt to argue in its response that its thirty-day removal window was triggered by Plaintiff's deposition, but tolled pending receipt of the United Healthcare records is likewise misplaced because Defendant waived such a position when it did not assert it in its notice of removal. *See e.g. Heathcoe v. Patriot Timber Products, Inc.*, 2023 WL 3606659 (S.D. Ala. May 23, 2023).

Plaintiff had undergone a previous left knee replacement at a cost of $45,482.84.  Considering the totality of these facts in conjunction with Plaintiff's claimed damages and her responses to Defendant's request for admission, there existed sufficient evidence that would have permitted Defendant to ascertain the amount in controversy requirement prior July 11, 2023, rendering its notice of removal on August 10, 2023 untimely.

The Court notes that such a determination is bolstered by Defendant's own acknowledgment that the United Healthcare records allowed it "to match the amounts to Plaintiff's earlier testimony and discovery responses." (Doc. 1 at 16).  Essentially, Defendant was already aware of the severity of Plaintiff's injuries and the treatment she underwent, and the United Healthcare records only quantified the *exact* amount.[5]  Thus, even if the United Healthcare records were "other paper," a totality of the relevant considerations do not support that they were "other paper from which it may *first* be ascertained that the case is one which is or has become removable."  *See* 28 U.S.C. § 1446(b)(3) (emphasis added). As such, Defendant's removal was untimely and construing the removal statues in favor of remand, as this Court must, Plaintiff's motion should be granted.

IV.    CONCLUSION

For the reasons set forth herein above, this action must be remanded. Plaintiff's Motion

---

[5] Although, inconsequential, the Court finds Defendant's argument that it first became aware of the need to obtain the United Healthcare records during Plaintiff's deposition to be curious (Doc. 15 at 8) as its notice of removal indicates it was made aware that Plaintiff was insured by United Healthcare through her discovery responses. (Doc. 1 at 9).

to Remand (Doc. 11) is **GRANTED** and this case is **REMANDED** to the Circuit Court of Dallas

County, Alabama.[6]

        **DONE and ORDERED** this 9th day of January, 2024.

                        /s/ JEFFREY U. BEAVERSTOCK
                        CHIEF UNITED STATES DISTRICT JUDGE

---

[6] Plaintiff's request for attorney's fees is denied. While attorney fees that are incurred as a result of the removal petition may be recoverable pursuant to 28 U.S.C. § 1447(c), the Court is not compelled to grant the same in this instance.  *See Martin v. Franklin Capital Corp*., 546 U.S. 132, 141 (2005). The grant or denial of fees is committed to the discretion of the district court. *Gulf Coast Mineral, LLC v. Valentine Ventures, LLC*, 2014 WL 5363769, at *1 (S.D. Ala., 2014).